IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IRAN C RIVERA,

    Petitioner,

v.                                                                         Civ. No. 23-463 JB/GBW

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Petitioner Iran Casas Rivera's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition"), filed May 26, 2023. *Doc. 1.* Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why this matter should not be dismissed as untimely.

**I. Procedural Background**[1]

In May 2021, Petitioner pled guilty to two counts of second degree criminal sexual penetration of a child. *See* Case No. D-506-CR-2020-00408, Plea and Disposition Agreement (5/25/2021). The state court sentenced him to fifteen years in prison. *See id.*

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Petitioner's state court criminal dockets, Case No. D-506-CR-2020-00408 and S-1-SC-39652. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

Guilty Plea/Judgment (6/1/2021); *Doc. 1* at 2. Judgment on the conviction and sentence was entered June 1, 2021. *See* Case No. D-506-CR-2020-00408, Guilty Plea/Judgment (6/1/2021). Petitioner did not file a direct appeal. *See* Case No. D-506-CR-2020-00408 (docket). His conviction and sentence therefore became final no later than July 2, 2021 (*i.e.*, the first business day following expiration of the 30-day appeal period). *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). More than one year passed with no apparent tolling activity. *See* Case No. D-506-CR-2020-00408 (docket). Then, on July 25, 2022, Petitioner filed a state habeas petition. *See* Case No. D-506-CR-2020-00408, Habeas Corpus Petition (7/25/2022). The state court dismissed the petition on September 12, 2022. *See* Case No. D-506-CR-2020-00408, Order of Dismissal (9/12/2022). On October 13, 2022, Petitioner filed a petition for a writ of certiorari in the New Mexico Supreme Court. *See* Case No. S-1-SC-39652, Cert. Petition (10/13/2022). The New Mexico Supreme Court denied the petition on March 31, 2023. *See id.*, Order Denying Petition (3/31/2023).

Petitioner filed the present § 2254 Petition on May 26, 2023. *Doc. 1*. He argues, *inter alia*, that he was denied due process and that his counsel was ineffective, in violation of his rights under the Fourteenth and Sixth Amendments to the United States

2

Constitution.  *Doc. 1* at 2.  The Court granted Petitioner's Motion to proceed in forma pauperis, *doc. 8*, and the matter is ready for initial review.

## II.  Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final.  28 U.S.C. § 2244(d)(1)(A).  The one-year limitation period can be extended:

> (1) While a state habeas petition is pending, § 2244(d)(2);
> (2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);
> (3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or
> (4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the limitation period began to run no later than July 2, 2021, when the conviction became final.  *See Locke*, 237 F.3d at 1271-1273.  There was no discernable tolling activity during the next year, and the one-year period expired on July 5, 2022.  Any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations period.  *See Fisher v. Gibson,* 262 F.3d 1135, 1142-1143

3

(10th Cir. 2001).

Petitioner must therefore show cause why the Petition, filed May 26, 2023, is not time-barred. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar . . . may be raised by a court *sua sponte* . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.")

IT IS ORDERED that **within thirty (30) days of entry of this Order**, Petitioner must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**