**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

IRAN CASAS RIVERA,

        Petitioner,

vs.                                          No. CIV 23-0463 JB/GBW

STATE OF NEW MEXICO,

        Respondent.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on: (i) the Memorandum Opinion and Order, filed December 15, 2023 (Doc. 9)("Show Cause Order"); and (ii) the Petitioner's Response to Show Cause for Timeliness of the § 2254 Petition, filed January 16, 2024 (Doc. 12)("Response").   In the Show Cause Order, the Honorable Gregory Wormuth, Chief Magistrate Judge for the United States District Court for the District of New Mexico, ordered Petitioner Iran Casas Rivera to show cause why the Court should not dismiss as untimely his Petition for Writ of Habeas Corpus, filed May 26, 2023 (Doc. 1)("Petition").   In the Response, Rivera argues that the Court should construe the Petition as timely based on a hypothetical timeline that supposes an appeal and motions that could have been -- but in fact were not -- filed in state court.   See Response at 2-8.   Rivera argues that, because a public defender represented him, and his lawyer would have, in theory, filed an appeal and various post-trial motions, state action impeded the filing of a federal habeas petition under 28 U.S.C. § 2244(d)(1)(B).   In addition, Rivera invokes equitable tolling on a similar theory -- <u>i.e.</u>, his counsel's omissions caused the untimeliness.   See Response at 2-4.   Finally, Rivera invokes statutory tolling under 28 U.S.C. § 2244(d)(1)(C) on the theory that the Supreme Court of the United States expanded the limitation period for seeking a petition for a writ of certiorari to 150 days.   See Response at 5.   For the reasons explained below, the Court will dismiss Rivera's

§ 2254 petition with prejudice, deny a certificate of appealability, and enter Final Judgment.

## PROCEDURAL BACKGROUND[1]

In May, 2021, Rivera pled guilty to two counts of second-degree criminal sexual penetration of a child.   See State of New Mexico v. Iran Jesus Casas Rivera, Case No. D-506-CR-2020-00408, Plea and Disposition Agreement (filed May 25, 2021).   The State court sentenced him to fifteen years in prison.   See State of New Mexico v. Iran Jesus Casas Rivera, Case No. D-506-CR-2020-00408, Guilty Plea/Judgment (filed June 1, 2021); Petition at 2.   The State court entered judgment on the conviction and sentence on June 1, 2021.   See State Judgment at 1.   Rivera did not file a direct appeal.   See State of New Mexico v. Iran Jesus Casas Rivera, Case No. D-506-CR-2020-00408 (docket).   His conviction and sentence therefore became final no later than July 2, 2021, because this was the first business day following expiration of the thirty-day appeal period.   See Locke v. Saffle, 237 F.3d 1269, 1271-73 (10th Cir. 2001)(recognizing that, for purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); Rule 12-201 NMRA (providing that a notice of appeal must be filed within thirty days after entry of the judgment). More than one year passed with no apparent tolling activity.   See State of New Mexico v. Iran Jesus Casas Rivera, Case No. D-506-CR-2020-00408 (docket).   Then, on July 25, 2022, Rivera filed a State habeas petition.   See State of New Mexico v. Iran Jesus Casas Rivera, Case No. D-506-CR-2020-00408, Habeas Corpus Petition (filed July 25, 2022).   The State court dismissed the

---

[1]To better interpret the citations in the Petition, the Court takes judicial notice of Rivera's State court criminal dockets, State of New Mexico v. Iran Jesus Casas Rivera, Case No. D-506-CR-2020-00408 and See Casas-Rivera v. State, Case No. S-1-SC-39652.   See United States v. Smalls, 605 F.3d 765, 768 n. 2 (10th Cir. 2010)(recognizing that a court may take judicial notice of docket information from another court).

petition on September 12, 2022.   See <u>State of New Mexico v. Iran Jesus Casas Rivera</u>, Case No. D-506-CR-2020-00408, Order of Dismissal (filed September 12, 2022).   On October 13, 2022, Rivera filed a petition for a writ of certiorari in the Supreme Court of New Mexico.   See <u>Casas-Rivera v. State</u>, Case No. S-1-SC-39652, Cert. Petition (filed October 13, 2022).   The New Mexico Supreme Court denied the petition on March 31, 2023.   See <u>Casas-Rivera v. State</u>, Case No. S-1-SC-39652, Order Denying Petition (filed March 31, 2023).

Rivera filed the present § 2254 Petition on May 26, 2023, arguing, among other things, that he was denied due process and that his counsel was ineffective, in violation of his rights under the Sixth and Fourteenth Amendments to the Constitution of the United States.   See Petition at 2. Chief Magistrate Judge Wormuth reviewed the Petition pursuant to Habeas Corpus Rule 4 and entered the Show Cause Order on December 15, 2023.   See Show Cause Order at 1.   The reasoning and analysis in the Show Cause Order is incorporated herein by reference.   Chief Magistrate Judge Wormuth allowed Rivera to file a Response addressing the time bar, and, after Judge Wormuth granted an extension of time to respond, <u>see</u> Order Granting Motion for Extension, filed January 8, 2024 (Doc. 11), Rivera timely filed the Response.

## LAW REGARDING TIMELINESS OF § 2254 PETITIONS

Petitions for a writ of habeas corpus by a person in State custody generally must be filed within one year after the defendant's conviction becomes final.   See 28 U.S.C. § 2244(d)(1)(A). Under certain circumstances, however, the limitation period runs from the latest of:

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

- 3 -

Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2). Finally, equitable tolling may be available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

## ANALYSIS

Rivera argues that, after the State court entered its judgment, he had thirty days to file an appeal, ninety days to file motion for a reduction of his sentence, another thirty days to appeal a potentially adverse ruling on the motion for a reduction of his sentence, and ninety days to file a petition for a writ of certiorari in the Supreme Court of the United States.  See Response at 2. Rivera did not file a direct appeal, a motion for a reduction of his sentence, or a petition for a writ of certiorari in the Supreme Court of the United States.  He nevertheless argues that these filing deadlines should be accumulated and applied to toll 28 U.S.C. § 2244(d)(1)(A)'s one-year limitations period.  The Count concludes, however, that the fact that Rivera hypothetically could have pursued post-conviction relief does not affect the Petition's timeliness, because tolling applies only when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).

To the extent that Rivera seeks to toll the limitations period further on the ground that the Supreme Court of the United States expanded the time within which to file a petition for a writ of

- 4 -

certiorari to 150 days on March 19, 2020 -- an extension it rescinded on July 19, 2021 -- is likewise not material to Rivera's tolling argument.   <u>See</u> Supreme Court of the United States Office of the Clerk,   Guidance   Concerning   Clerk's   Office   Operations   (July   19,   2021), https://www.supremecourt.gov.   Rivera did not file a petition for a writ of certiorari.   Rivera, therefore, is not entitled to tolling on this ground under § 2244(d)(1)(C) or otherwise.

To the extent that Rivera invokes equitable tolling because his public defender did not file a direct appeal, a motion to reduce Rivera's sentence, or other collateral attacks, this argument is unpersuasive. Rivera argues that the Petition should be construed as timely under § 2244(d)(1)(B) because his public defender -- whom he characterizes as a state actor -- should have pursued an appeal and other post-conviction relief that could have tolled the limitations period.   Courts that have considered this issue have held, however, that "ineffective assistance of counsel is 'not the type of State impediment envisioned in § 2244(d)(1)(B).'"   <u>Daniel v. Trani</u>, No. 11-CV-03093, 2012 WL 1857593, at *5 (D. Colo. May 22, 2012)(Babcock, J.)(quoting <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1226 (11th Cir. 2005)).   <u>See</u> <u>Johnson v. Fla. Dep't of Corr.</u>, 513 F.3d 1328, 1331 (11th Cir. 2008)(holding that appointed counsel's "incompetent" performance "is not the type of State impediment envisioned in § 2244(d)(1)(B)"); <u>Gordon v. Secretary, Dep't of Corr.</u>, 479 F.3d 1299, 1301 (11th Cir. 2007)("The failure of . . . court-appointed counsel to file more promptly [for State post-conviction relief does not qualify as] an impediment to filing created by State action, within the meaning of § 2244(d)(1)(B).").   Further, in the context of civil rights liability, it is established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."   <u>See</u> <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 324-25 (1981).   Based on the foregoing, the Court will not consider Rivera's public

defender's acts or omissions under § 2244(d)(1)(B).

Instead, the argument will be construed as one seeking equitable tolling.   Equitable tolling requires that: (i) the petitioner's diligent pursuit of his claims, and (ii) extraordinary circumstances beyond his control as the base cause of the untimeliness.   See Marsh v. Soares, 223 F.3d at 1220. To justify equitable tolling based on an attorney's conduct, a petitioner must show "egregious misconduct" by his counsel -- i.e., that his counsel misled or falsely assured the petitioner that actions were being taken on the petitioner's behalf, when in fact nothing was being done.   Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007).   An attorney's negligence, without more, is not an "extraordinary circumstance" that will justify equitable tolling in the habeas context.   Fleming v. Evans, 481 F.3d at 1255-56 (reasoning that "there is no constitutional right to an attorney in state post-conviction proceedings," and that "clients, even if incarcerated, must vigilantly oversee and ultimately bear responsibility for their attorneys' actions or failures").

Rivera does not allege that his public defender misled or falsely assured him that actions would be taken on his behalf.   Even if Rivera could prove that he was misled or falsely assured about a direct appeal or post-judgment motions, Rivera has also not shown that he diligently pursued his claims.   As noted above, the judgment became final by July 2, 2021.   In the year that followed, Rivera filed a Motion Requesting to Dismiss Counsel and Appear Pro Se, see State of New Mexico v. Iran Jesus Casas Rivera, D-506-CR-2020-00408, Motion (filed January 18, 2022) and a Demand for Discovery, see State of New Mexico v. Iran Jesus Casas Rivera, D-506-CR-2020-00408, Request/Demand for Discovery (filed February 28, 2022).   Although he was active as a pro se litigant as early as January, 2022, Rivera did not file a State habeas petition until July 25, 2022, by which time, § 2244's one-year limitations period had already expired.   Rivera does

not explain this delay and, to the extent he wrongly believes he could pursue claims only with the assistance of counsel, it is established that "ignorance of the law does not excuse untimely filing." Jackson v. Saffle, 37 F. App'x 420, 421 (10th Cir. 2002).[2]   See Marsh v. Soares, 223 F.3d at 1220. Rivera therefore has not demonstrated grounds for equitable tolling.

For the foregoing reasons, and for the reasons set forth in the Show Cause Order, the Petition is untimely, and the Response has not overcome the time bar.   As this conclusion is not reasonably debatable, the Court will deny a certificate of appealability under Habeas Corpus Rule 11.   See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(holding that a certificate of appealability can issue only where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that: (i) the Petitioner's Petition for Writ of Habeas Corpus, filed May 26, 2023 (Doc. 1), is dismissed with prejudice; (ii) a certificate of appealability is denied; and (iii) a separate Final Judgment will be entered closing this case.

---

[2]Jackson v. Saffle is an unpublished opinion, but the Court can rely on a United States Court of Appeals for the Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. [. . .] However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)).   The Court concludes that Jackson v. Saffle has persuasive value with respect to material issues in this case, and will assist the Court in its preparation of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Iran C. Rivera
Chaparral, New Mexico

    *Petitioner pro se*